## HENRY W. LEMAN

*v.*

## THE CITY OF LAKE VIEW.

*Filed at Ottawa January 21, 1890.*

1. SPECIAL ASSESSMENTS—*as to a proposed street—not yet acquired, by condemnation or otherwise.* The corporate authorities of cities and villages may levy special assessments for the improvement of a proposed street before acquiring title to the soil, by condemnation or otherwise, and may afterward take the necessary steps to condemn the land and have the compensation and damages to be paid assessed.

2. So the owner of property specially assessed for the grading and paving of a street can not interpose the objection to the confirmation of the assessment, that the city or village has not acquired the title to the soil to be graded and paved.

3. SAME—*upon the ground proposed to be taken.* Commissioners appointed to assess the benefits to be derived from the improvement of a proposed street will have no power to assess any part of the benefits upon the ground intended for the street.

4. SAME—*amendments allowable.* The statute gives the county court ample power to allow amendments to special assessments on application for confirmation.

5. SAME—*changing description of the land assessed.* On application for the confirmation of a special assessment upon real estate, the court has the power to change the description of the property assessed, so that it shall not include ground sought to be taken as a part of the street to be improved.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. MILLER, LEMAN & CHASE, for the appellant:

The city can not sustain an assessment upon appellant's land to improve, as a public street, a part of that land of appellant so assessed; nor can the city sustain an assessment to improve, as a street, a part of appellant's lot of land upon or against the remaining part of his lot.

It is the duty of a party to make his claim for damages and injury, in case his property is to be taken for or injured by a public improvement, in apt time. If he does, not he may lose his rights. *Hyde Park* v. *Borden,* 94 Ill. 26; *Gebhardt* v. *Reeves,* 75 id. 301; *Curry* v. *Mt. Sterling,* 15 id. 320; *Ferris* v. *Ward,* 4 Gilm. 499; *Sangamon* v. *Brown,* 13 Ill. 207.

The power of the court to allow amendments goes no further than the correction of clerical errors. *Lehmer* v. *People,* 80 Ill. 601.

Mr. JONAS HUTCHINSON, and Mr. M. W. ROBINSON, for the appellee :

The evidence which the court excluded was immaterial. *Hyde Park* v. *Borden,* 94 Ill. 26; *Holmes* v. *Hyde Park,* 121 id. 128.

The court had full power, under section 33, article 9, of the City and Village act, to modify the description of appellant's property in the assessment roll.

Mr. JUSTICE BAILEY delivered the opinion of the Court :

This was a petition to the County Court of Cook county, by the city of Lake View, praying for the confirmation of a special assessment levied upon the property benefited, for the purpose of defraying the expense of improving and ornamenting a part of Diversey street in said city. On the 3d day of December, 1888, the city council of the city of Lake View passed an ordinance by which it was ordered that a certain portion of Diversey street should be improved and ornamented, by curbing, grading, macadamizing, the laying of stone side-walks, the setting out of trees, and the erection of lamp posts, in accordance with certain specifications in said ordinance contained, and providing that the cost of said improvement should be paid for by a special assessment to be levied upon the property benefited thereby, to the amount that the same might be legally assessed therefor, and that the residue of such cost

should be paid by general taxation. Commissioners were appointed by the ordinance to make an estimate of the cost of said improvement, who duly made and reported such estimate fixing said cost at $4442.20. Said estimate having been approved by the city council, said city presented to said County Court its petition, praying for the appointment of commissioners to make an assessment of the cost of the proposed improvement, in accordance with the provisions of said ordinance, and commissioners having been appointed upon said petition, an assessment was made by them and an assessment roll returned, by which the sum of $1788.98 was assessed upon a certain lot of land belonging to the appellant having a frontage of 175 feet on said street. The present petition was thereupon filed praying for a confirmation of said assessment, and in answer to said petition the appellant appeared and filed a number of objections to such confirmation, of which the only one now insisted upon was, in substance, that the city had not acquired title to the northerly half of the street proposed to be improved, consisting of a strip of land 350 feet in length and 33 feet in width; that one-half of said strip of land belonged to the appellant and constituted a part of his lot upon which said assessment was made, and that the other half belonged to the board of Lincoln Park commissioners.

At the hearing, the appellant offered evidence tending to support the above mentioned objection, and to show that the title of the north half of the portion of said street proposed to be improved was as therein stated, but said evidence was excluded by the court. The assessment was however amended by the court, on motion of the city, by inserting therein a statement that it was not thereby intended to include as a part of the property assessed the thirty-three feet in width lying immediately north of the center line of the street, and thereupon the court overruled the appellant's objections and entered an order confirming the assessment. It is now insisted that the decision of the court excluding the appellant's evi-

dence and overruling the foregoing objection, and also the order amending the assessment, were erroneous.

The rules of law applicable to the first of these assignments of error have been so frequently considered by this court, that there can be no occasion to do more than refer to the following decisions:  *Village of Hyde Park* v. *Borden,* 94 Ill. 26; *Holmes* v. *Village of Hyde Park,* 121 id. 128; *Hunerberg* v. *Village of Hyde Park,* 130 id. 156.  In the last case mentioned the questions were precisely identical with those presented here, the objection there being, that a portion of the land included within the street proposed to be improved was the property of the objector, and the trial court having there, as here, excluded all the evidence as to title offered by him.  We there held that the corporate authorities of cities and villages may levy special assessments for the improvement of a proposed street, before acquiring title to the soil by condemnation or otherwise, and may afterward take the necessary steps to condemn the land and have the compensation and damages to be paid assessed, and that the owner of the property specially assessed for grading and paving such street can not interpose the objection to the confirmation of such assessment, that the city or village had not acquired title to the soil to be graded and paved.  It follows that, in the present case, the rulings of the court excluding the appellant's evidence, and overruling said objection, were proper.  The question of title was not before the court, and was not a proper matter for consideration in this proceeding, and the evidence bearing upon that question was therefore wholly immaterial.

We are unable to say that there was any impropriety in the order of the County Court modifying the assessment roll.  The proceeding was under the provisions of article 9 of the general law for the incorporation of cities and villages, and by section 33 of that article ample power is given to the County Court to amend an assessment.  The only question is, whether that power was properly exercised in this case.

It should be observed that the modification was not in the amount of the assessment, but only in the description of the land assessed, and we think it plain that its only object and effect was, to render more certain that which must be presumed to have been the intention of the commissioners in making the assessment. The ordinance upon which the proceeding was based directed the improvement of a street which would include within its boundaries a strip of land 33 feet wide to be taken from the appellant's lot. The commissioners were directed to assess the cost of improving the street upon the property benefited by the improvement, and it follows, therefore, from the very nature of the case, that the land to be taken for the street could not be included among the lands subject to assessment. An assessment upon the land to be taken for a public use could be enforced only by sale of the land, which would have the effect of divesting the public of the very soil upon which the proposed improvement is to be made. It is clear then that the commissioners had no power to assess any portion of the benefits upon the street itself, and it will therefore be presumed that in assessing the sum of $1788.98 upon the appellant's lot, they intended to assess that sum upon that portion of the lot remaining after the street should be laid out. This would have been, by fair construction, the legal effect of the assessment roll if the amendment had not been made, and the effect of the amendment was only to express that legal effect with entire precision.

We find no error in the record, and the judgment of the County Court will therefore be affirmed.

*Judgment affirmed.*